NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA A. LEENSTRA, </br></br>Plaintiff, </br></br>v. </br></br>RICHARD THEN, BRIAN KITHCART, PHILLIP COLEMAN, ANDOVER TOWNSHIP, JOHN DOE 1-10 (A FICTITIOUS NAME), JOHN ROE SUPERVISING OFFICER 1-10 (A FICTITIOUS NAME), ABC CORP. 1-10 (A FICTICIOUS NAME), </br></br>Defendants. | Civil Action No.: 10-5909 (JLL) </br></br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Plaintiff Linda A. Leenstra's ("Plaintiff") Motion for Relief from Judgment Pursuant to Rule 59(e) and Rule 60(b) ("Motion for Relief") [Docket No. 53] filed on December 28, 2012. Plaintiff seeks to vacate this Court's December 3, 2012 Opinion and Order [Docket Nos. 43-44] granting summary judgment in Defendants' favor and dismissing Plaintiff's claim with prejudice. The Court has considered the parties' submissions in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motion is granted.

I.  **BACKGROUND**

On November 14, 2010, Plaintiff filed a six-count complaint against the following Defendants: Richard Then; Brian Kithcart; Phillip Coleman; Andover Township; John Doe 1-10, "fictitious persons/law enforcement officers whose identity" was unknown at the time; John Roe Supervising Officers 1-10, fictitious supervising officers in the Andover Township Police Department; and ABC Corp. 1-10, "fictitious names for entities who were responsible for the investigation and/or enforcement of the laws within Andover Township" (hereinafter collectively referred to as "Defendants"). *See* Comp. at 2-3. Plaintiff alleges in part that Defendants violated her federal and state constitutional rights, committed false imprisonment/false arrest, and engaged in civil conspiracy. *See id.* at 8, 10, 12, 13.[1]

On October 12, 2012, Defendants filed a Motion for Summary Judgment on each of Plaintiff's six counts. Docket No. 32. Plaintiff was given 14 days to file her response. On October 19, 2012, Plaintiff requested a two-week extension as a matter of right pursuant to Local Civil Rule 7.1(d)(5). Docket No. 35. The Court promptly granted this request moving Plaintiff's deadline to November 5, 2012. Plaintiff failed to comply with this amended deadline. On November 7, 2012, the Court contacted Plaintiff's counsel, Jeffrey M. Patti, Esq., regarding Plaintiff's opposition. Mr. Patti notified the Court that he intended to file an opposition but missed the deadline because of Hurricane Sandy. The Court reminded Mr. Patti of his obligation to request extensions in writing, and Mr. Patti submitted a written request. Docket No. 36. The Court granted this extension moving Plaintiff's filing deadline to November 19, 2012. Docket No. 38. Plaintiff did not comply with her November 19, 2012 filing deadline and never filed an opposition to Defendants' Motion for Summary Judgment. Therefore, on December 3, 2012, the

---

[1] A complete recitation of the facts concerning this incident is set forth in detail in the Court's December 3, 2012 Opinion and will only be repeated herein where necessary to provide proper context for the pending motion.

2

Court treated Defendant's motion as unopposed, granted summary judgment in Defendant's favor, and dismissed Plaintiff's Complaint with prejudice. Docket Nos. 43-44.

On December 5, 2012, Plaintiff contacted the Court to request a conference to discuss "what, if any options Plaintiff has at th[at] time." Docket No. 45. Plaintiff's request for a conference was denied, and the Court instructed Plaintiff to consult with the applicable federal and local rules. Docket No. 46. Plaintiff contacted the Court on December 18, 2012[2] and requested a two day extension to file a motion for reconsideration. Docket No. 48. In the interest of justice, the Court granted Plaintiff's unopposed request. Docket No. 49. On December 20, 2012, one day after Plaintiff's new filing deadline, Plaintiff filed her Request for Reconsideration and asked the Court to treat the untimely motion as "timely." Docket Nos. 50-51.

## II. LEGAL STANDARD

Plaintiff now moves for relief from judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b). Rule 59(e) permits a party to move to "alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) states, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Furthermore, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* at 978.

---

[2] The local rules provide Plaintiff's 14 days to file a motion for reconsideration, meaning any such request was due on December 17, 2012. *See* L. Civ. R. 7.1(i).

3

### III. DISCUSSION

Plaintiff moves for relief from judgment under Rule 60(b) and Rule 59(e).[3] Pl. Br. at 2. Plaintiff argues that she is entitled to relief under Rule 60(b) because her "failure to timely file opposition was the result of excusable neglect and extraordinary circumstances." Pl. Br. at 5. Motions for relief from an "unopposed grant of summary judgment" are closely analogous to motions to vacate default judgments. *See Lorenzo v. Griffith*, 12 F.3d 23, 27 (3d Cir. 1993); *see also Logan v. Am. Contract Bridge*, 173 Fed. Appx. 113, 116 (3d Circ. 2006). Accordingly, this Court applies a similar standard and must determine, "(1) whether the [prevailing party will be prejudice if the default is lifted; (2) whether the [petitioner] has a meritorious defense; and (3) whether the default was the result of the [petitioner's] culpable conduct." *See Lorenzo*, 12 F.3d at 27; *see also Logan*, 173 Fed. Appx. at 116 (stating that the default judgment factors should be considered in determining whether to grant a motion to reopen an unopposed grant of summary judgment). The Court considers each of these factors in turn, and grants Plaintiff's Motion for Relief.

First, the Court finds that any prejudice to the Defendant that would result from the Court granting Plaintiff's motion would be minimal. *See Lorenzo*, 12 F.3d at 27. The parties have already completed fact discovery, exchanged liability expert reports, and prepared for summary judgment. *See* Pl. Br. at 5. In addition, Defendants have submitted their motion for summary judgment as well as a very "thorough brief with exhibits." *See* Pl. Br. at 5. If the Court vacated its December 3, 2012 Order, Defendants would not be required to re-file this motion or its accompanying briefs. The Court's decision would merely allow Plaintiff to fully brief and argue the merits of her case.

---

[3] In light of the Court's findings with regard to Plaintiff's Rule 60(b) argument, the Court need not address Plaintiff's Rule 59(e) argument.

4

Second, Plaintiff has demonstrated the existence of a potentially meritorious defense. *See Lorenzo*, 12 F.3d at 27. Specifically, Plaintiff alleges that the Court made "certain findings of fact [that] were erroneous and need to be corrected."[4] Pl. Br. at 7. If Plaintiff demonstrates a "genuine issue of material fact," her complaint will survive Defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(c). Defendants contend that Plaintiff's allegedly "erroneous" facts are immaterial to the case at hand. Defs. Br. at 1. The few facts specifically set forth by Plaintiff in her pleadings, and discussed by Defendants, tend to support this view. However, Plaintiff has not had a full opportunity to brief and argue these claims on their merits.

Finally, the Court finds that Plaintiff's failure to timely file an opposition to Defendant's Motion for Summary Judgment was not caused by Plaintiff's own culpable conduct. *See Lorenzo*, 12 F.3d at 27. Plaintiff was represented by counsel in this matter, and her counsel, Mr. Patti, failed to comply with the rules of the Court. Mr. Patti missed Plaintiff's deadline for filing an opposition and was warned by the Court of the need to request an extension. *See* Docket No. 36. Mr. Patti again missed the deadline to file Plaintiff's opposition and did not seek an extension. Pl. Br. at 2. Mr. Patti latter missed two more deadlines in this matter. *See* Docket Nos. 50-51. He acknowledges that his shortcomings in this matter occurred through no fault of Plaintiff. Pl. Br. at 2. According to Mr. Patti, "without her knowledge, counsel for plaintiff neglected to seek a third extension of the motion date and did not file timely opposition to defendants' summary judgment motion." Pl. Br. at 2. Under these circumstances, the Court

---

[4] The Court notes, however, that a motion for summary judgment cannot be granted by default. *See Lorenzo*, 12 F.3d at 27. The Court's December 3, 2012 Opinion was based on the merits of Defendants' complaint as well as a careful review of the record as a whole.

5

finds that it would be inequitable to saddle Plaintiff with the undue prejudice that would ensue due to the actions of her counsel if this Order is not vacated.

As such, having considered the three factors set forth by the Third Circuit, coupled with the actions of Plaintiff's counsel, this Court determines that the practical and equitable approach in this matter is to vacate this Court's previous Order and Opinion and let this matter be fully briefed and argued on the merits. Therefore, this Court's December 3, 2006 Order and Opinion entering summary judgment against Plaintiff is hereby vacated. *See, e.g., Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 808 (3d Cir. 1986) (vacating a default judgment, and explaining that "public confidence in the administration of justice is weakened when a party is prevented from presenting his case because of the gross negligence of his lawyer"); *Boughner*, 572 F.2d at 979 (reversing entry of unopposed summary judgment which precluded an adjudication on the merits, and stating that "[t]o permit these judgments to stand, in light of Krehel's conduct and in the absence of neglect the parties, would be unjust."); *Am. Reliance Ins. Co. v. Mirabile*, No. 85-3225, (E.D. Pa. Sept. 29, 1986) (vacating summary judgment entered as "unopposed" and explaining that "[a] party to a law suit is, in the ordinary course of events, entitled to rely on competent counsel not to act in this manner;" therefore, "the movants should not be bound to the misconduct of their attorney under such circumstances.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment Pursuant to Rule 59(e) and Rule 60(b) is granted. An appropriate Order accompanies this Opinion.

DATED: January 22 2013

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE